UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                          Case No. 22-20385

      Plaintiff,                                          F. Kay Behm
v.                                                 United States District Judge

RONNELL L. TERRY,

      Defendant.
_____ /

**ORDER FOR SUPPLEMENTAL BRIEFING ON DEFENDANT'S
MOTION FOR RETURN OF PROPERTY (ECF No. 37)**

Defendant Ronnell L. Terry was convicted on drug charges and sentenced
to 60 months of imprisonment in August 2023.  He is currently serving his
sentence at the federal correctional institution in Milan, Michigan.  Terry petitions
for the return of property seized during the Drug Enforcement Agency's
investigation. *See* Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful
search and seizure of property or by the deprivation of property may move for
the property's return."). (ECF No. 37)  Specifically, he is looking for the return of
one 10 karat gold necklace, one diamond pendant, one Rolex Oyster Perpetual
watch, and one iPhone. *Id*.  The government filed a response, claiming that all
items except the iPhone have been administratively forfeited.  (ECF No. 39).

From the records provided by the government, the DEA received an undated seized asset claim form from Terry on May 23, 2024, with what looks like Defendant's home address on it, even though Defendant was at that time, in the custody of the Bureau of Prisons.  (ECF No. 39-2, PageID.198-99).  This was in apparent response to the Notice of Seizure of property and Initiation of Administrative Forfeiture Proceedings as to the Rolex.  (ECF No. 39-2, PageID.200).  (The government did not provide a copy of any such notice relating to the gold chain and diamond pendant).  After Defendant submitted his claim form, the DEA wrote to Defendant (again at his apparent home address) that his claim was submitted after the May 9, 2024 deadline, but he was being given a discretionary 28 days to file a valid petition of forfeiture.  (ECF No. 39-2, PageID.195-96).  The government submitted two declarations from Robert Porzeinski, a senior attorney in the Asset Forfeiture Section of the Office of Chief Counsel, who indicated that no valid claim was ever filed as to the necklace, pendant, and Rolex.  (ECF No. 39-4, PagID.203-204); *see* 21 U.S.C. § 881 (authorizing United States to subject proceeds of drug transactions to forfeiture proceedings); 19 U.S.C. § 1607(a) (administrative forfeiture process); 18 U.S.C.

§ 983.[1] *See also United States v. Dusenbery*, 201 F.3d 763, 766 (6th Cir. 2000) (describing administrative forfeiture process).

Under limited circumstances, a person may move to set aside a declaration of forfeiture if they were entitled to notice of the nonjudicial civil forfeiture proceeding and did not receive such notice.  18 U.S.C. § 983(e).  Filing such a motion is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."  § 985(e)(5).  The movant must show that

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C.A. § 983(e)(1).  It is clear that the government served Terry at an address where he was no longer located, although that address was included on Terry's claim form.  The question is whether the DEA knew of Terry's location at the time it sent the initial notice and discretionary extension and whether sending notices to the home address affected Terry's ability to file a timely claim.  *See Vance v. United States*, 1996 WL 875552, at *5 (E.D. Mich. Oct. 21, 1996) (citing *United*

---

[1] The filing of a claim triggers the government's obligation to return the property, file a civil complaint in district court, or add forfeiture allegations to a criminal indictment. 18 U.S.C. § 983(a)(3).

*States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995) (where claimant is residing at place of government's choosing, such as in prison, government "must take steps to locate the claimant in order to satisfy due process."). The court requests supplemental briefing from both sides on the foregoing issues to be filed within 30 days of entry of this Order.

**SO ORDERED**.

Date: September 9, 2025            <u>s/F. Kay Behm</u>
                                  F. Kay Behm
                                  United States District Judge